UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LIGHTHOUSE GALLERIES, LLC,
DAVID WHITE, and NANCY WHITE,
    Petitioners,
v.

THE THOMAS KINKADE COMPANY     Case No. 08-13466
f/k/a MEDIA ARTS GROUP, INC., and
RICHARD F. BARNETT,     Honorable Patrick J. Duggan
    Respondents.
_____/

## OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, City of Detroit, County of
Wayne, State of Michigan, on December 1, 2008.

PRESENT:     THE HONORABLE PATRICK J. DUGGAN
                U.S. DISTRICT COURT JUDGE

Petitioners Lighthouse Galleries, LLC, David White, and Nancy White ("Petitioners") filed a Motion to Confirm Arbitration in this Court on August 11, 2008. The motion seeks to confirm an "Interim Award of Arbitrators" against Respondents the Thomas Kinkade Company and Richard Barnett ("Respondents") in the amount of $567,300. Presently before the Court is Respondents' motion to dismiss or, alternatively, opposing Petitioners' motion to confirm. The motion has been fully briefed and the Court heard oral argument on November 13, 2008. For the reasons set forth below, the Court grants Respondents' motion to dismiss.

**I. Facts and Procedural Background**

The legal dispute underlying the present motion has been crawling through the court and arbitration systems since at least June 3, 2002. On that day, Media Arts Group–predecessor in interest to the Thomas Kinkade Company–demanded arbitration of its claims against Petitioners. Petitioners responded with affirmative defenses and numerous counterclaims. After nearly six years of arbitration proceedings with the American Arbitration Association ("AAA"), the three member panel on the case issued an "Interim Award of Arbitrators" on May 9, 2008. The Interim Award concluded that the submitted proofs failed to support Media Arts's breach of contract claim against Petitioners but found that Petitioners had adequately supported five of their thirteen claims/counterclaims: fraudulent misrepresentation, silent fraud, innocent misrepresentation, breach of contract/violation of the implied covenant of good faith and fair dealing, and tortious interference with business expectations or relationships. As a result, the AAA panel awarded petitioners $567,300 in damages against Respondents. The Interim Award concluded:

> This interim award is in full settlement of all claims, counterclaims and third party claims submitted to this arbitration with the exception of the pending costs and sanctions claims, which will be addressed in a *subsequent and final award*. All claims that are not expressly granted are hereby denied.
>
> This Interim Award shall remain in full force and effect until such time as a *final Award* is rendered.

(Resps.' Mot., Ex. D at 5 (emphasis added).) One panel member dissented from the award of damages to Petitioners.

The "pending costs and sanctions claims" mentioned in the Interim Award's conclusion was a reference to the panel's January 24, 2008, order that the parties file lists of motions for costs and sanctions that they believed were still pending. The parties submitted their lists to the panel on February 18, 2008. The lists include requests for sanctions and costs for the alleged misconduct of the various parties during the discovery and hearing phases of arbitration. After the Interim Award, the panel ordered that the parties submit additional applications for "fees and costs." Although Respondents vigorously objected that any award of fees would contradict the Interim Award's denial of all claims not expressly granted, Petitioners submitted an application for nearly $3.5 million in attorneys' fees and costs and Respondents countered with an opposition brief and an application for over $2 million. The sanctions, costs, and fees claims have yet to be resolved.

On August 11, 2008, Petitioners filed a motion to confirm the Interim Award in this Court. On that day, Petitioners mailed service to Respondents' counsel via first class United States Mail postage prepaid. Although counsel confirmed receipt, a dispute regarding sufficiency of process arose between the parties. Consequently, Petitioners sent a private process server to personally serve the Thomas Kinkade Company's authorized agent on September 16, 2007. No additional service was made on Richard Barnett.

On September 17, 2008, Respondents filed the present motion to dismiss Petitioners' motion to confirm. Respondents move for dismissal on grounds that the Court lacks authority to confirm the award, that Petitioners provided insufficient service of process, and that Petitioners failed to state a claim upon which relief can be granted. Petitioners filed a response on October 8, 2008, and Respondents replied on October 15, 2008. The Court held a hearing on the motion on November 13, 2008.

**II. Confirmation of Arbitration Awards**

The primary issue of contention in Respondents' motion is whether the Interim Award is subject to confirmation at this stage in the arbitration proceedings. Respondents argue that, because the Interim Award is not final, this Court lacks authority to confirm the award or Petitioners have failed to state a claim upon which relief can be granted. Arbitration awards are subject to confirmation or vacatur in federal district courts only when "the arbitrator's decision was final, not interlocutory." *El Mundo Broad. Corp. v. United Steelworkers of America, AFL-CIO CLC*, 116 F.3d 7, 9 (1st Cir. 1997); *see also Michaels v. Mariforum Shipping, S.A.*, 624 F.2d 411, 414 (2d Cir. 1980). "In order to be 'final,' an arbitration award must be intended by the arbitrators to be their complete determination of all claims submitted to them."[1] *Michaels*, 624 F.2d at 413. However, under certain circumstances, "interim" awards can qualify as "final" and be eligible for confirmation.

---

[1] It is undisputed in this case that the parties submitted claims for costs and sanctions to the arbitration panel for decision.

There are two occasions in particular where an "interim" award may be sufficiently final to warrant review in federal district court. First is the situation in which an interim award "finally and definitively disposes of a separate independent claim . . . ." *Island Creek Coal Sales Co. v. City of Gainesville*, 729 F.2d 1046, 1049 (6th Cir. 1984), *abrogated on other grounds by Cortez Byrd Chips, Inc. v. Bill Harbert Construction Co.*, 529 U.S. 193, 120 S. Ct. 1331 (2000). Petitioners argue that the Interim Award in this case falls under this exception because it purports to be "in full settlement of all claims, counterclaims and third party claims submitted . . . ." (Resps.' Mot., Ex. D at 5.) Respondents maintain, however, that the language "separate independent claim" fails to capture all of the necessary circumstances for the exception to apply. Respondents' argument relies on an analysis of the underlying facts that led courts to confirm interim awards. The Court agrees that an exploration of the subtleties of these cases helps clarify the meaning of "final" in this context.

A source of persuasive support for Respondents' argument, *Hall Steel Company v. Metalloyd LTD* provides a probing analysis of the relevant case law. 492 F. Supp. 2d 715 (E.D. Mich. 2007). After reviewing a number of cases that confirmed or vacated interim arbitration awards, the court concluded that "a 'separate independent' claim is only a necessary, but not by itself sufficient, prerequisite to immediate confirmation of an interim award." *Id.* at 719. The court noted "a common feature in addition to the 'separate [and] independent' nature of the issue addressed in the award–namely, that the party seeking confirmation was able to identify an ***immediate need*** for relief." *Id.*

(alteration in original).  The court concluded that the additional reason was necessary "to overcome [courts'] usual resistance to piecemeal confirmation of a series of interim awards as each one is issued in an ongoing arbitration proceeding."  *Id.* at 720.  Returning to the facts of the case before it, the *Hall Steel* court concluded that there was no risk "of irreparable harm through delayed confirmation" even though the interim award resolved an issue entirely discrete from the remaining claims.  *Id.* at 719, 721.  On these grounds, the court denied the motion to confirm.  *Id.* at 721.

Many of the cases that *Hall Steel* analyzed or that otherwise involve an immediate need for relief are those relied upon by Petitioners.  In *Yasuda Fire & Marine Insurance Co. v. Continental Casualty Co.*, for example, the Seventh Circuit affirmed a district court confirmation of an interim award that was necessary to protect against "the risk that any final award . . . would be meaningless."  37 F.3d 345, 348 (7th Cir. 1994).  *Metallgesellschaft A.G. v. Capitan Constante* relied on historical practices in maritime law and contractual terms agreed to by the parties to justify an interim award requiring immediate payment of freight charges without the usual right to setoff.  790 F.2d 280, 281-82 (7th Cir. 1994).  Finally, the Sixth Circuit case that first acknowledged the exception for separate independent claims involved an interim award that required specific performance of a coal supply contract through the course of the arbitration proceeding even though the product price remained at issue.  *Island Creek*, 729 F.2d at

1049. In each of these cases there was an additional need, beyond the existence of a separate independent claim, to justify confirmation of the interim award.[2]

In the present case there is no immediate need or reason to confirm the interim award. Although the award fully addresses the "claims, counterclaims and third party claims," the remaining claims for sanctions, costs, and fees are significant. Between these claims, millions of dollars remain at issue–amounts that far exceed the $567,300 awarded to Petitioners on the merits of their claims. Indeed, it is entirely possible that the panel's resolution of the sanctions, costs, and fees claims will entirely offset the interim award to Petitioners. Furthermore, assuming the award is not offset, there is no indication that delayed confirmation will render the interim award meaningless. The panel awarded Petitioners damages, rather than equitable relief, and there are no allegations that the likelihood of payment from Respondents will diminish with time. For these reasons, the

---

[2]Petitioners also rely on *Nu-Best Franchising, Inc. v. Motion Dynamics, Inc.*, No. 805CV507T27TGW, 2006 WL 1428319 (M.D. Fla. May 17, 2006). Although the case included confirmation of an interim award, the unusual procedural posture of the case presents a significant distinction. By the time the Middle District of Florida considered the defendant's motion to dismiss, the Northern District of Ohio had already confirmed the interim award. *Id.* at *3 n.3. The Ohio court confirmed the interim award after the motion to confirm went *unopposed* and later held that the defendants could not overcome their burden of showing an "extreme and undue hardship" to succeed on a motion for reconsideration. *Motion Dynamics, Inc. v. Nu-Best Franchising, Inc.*, No. 1:99CV2497, 2005 WL 1898788 (N.D. Ohio Aug. 9, 2005). For the Florida district court to vacate the interim award, then, it would have had to reverse the Ohio court's order. In that sense, the defendant in *Nu-Best* carried an extra burden to establish reasons why a previous court order should be undone. In this case, however, it is Petitioners that must produce "some reason to overcome [the] usual resistance to piecemeal confirmation of . . . interim awards . . . ." *Hall*, 492 F. Supp. 2d at720. Furthermore, the opinion and reasoning of *Nu-Best* is not binding on this Court.

7

interim award is not subject to confirmation pursuant to the "separate independent claim" exception.

Even so, Petitioners also argue that the interim award should be confirmed pursuant to a second exception for bifurcated arbitration proceedings. Outside of the Sixth Circuit, a number of United States circuit and district courts have confirmed interim arbitration awards where the parties and the arbitration panels manifested an intent to bifurcate the arbitration proceeding in some way. *See, e.g.*, *Hart Surgical, Inc. v. Ultracision, Inc.*, 244 F.3d 231, 235-36 (1st Cir. 2001). Petitioners assert that the Interim Award's "full settlement of all claims, counterclaims and third party claims submitted" manifests an intent to bifurcate the arbitration proceeding into two phases: the first deciding substantive claims and the second deciding the remaining claims related to the arbitration process.

Though a plausible interpretation, Petitioners' argument ignores the First Circuit's warning that "the definiteness with which the parties have expressed an intent to bifurcate is an important consideration" necessary to "mak[e] sure that a losing party does not . . . forfeit an appeal by failing to object after the completion of a phase." *Id.* at 235. The losing party is at risk of forfeiting the right to appeal if it fails to perceive an "interim" award as "final" because the losing party has only three months to file a motion to vacate while the winning party has a full year to seek confirmation.[3] 9 U.S.C. §§ 9, 12. Because

---

[3]Indeed, in this case, Petitioner's counsel admits that he waited until day 93 to file his motion to confirm so that Respondents would be barred from responding with a

of the risk of forfeiture, all of the cases confirming interim awards pursuant to this exception proceed "under the premise that the parties themselves evidenced an intent to have the arbitrator address and resolve certain issues first and to act promptly upon this resolution." *Hall*, 492 F. Supp. 2d at 720 n.1.

Even if, in effect, the arbitration in this case has been divided into two phases, Petitioners have pointed to nothing in the record to indicate that the *parties* agreed to such bifurcation. In fact, the arbitration panel's request for pending sanctions and costs claims three months prior to issuing the interim award belies the conclusion that the parties and panel intended to bifurcate the proceeding. Furthermore, Petitioners' counsel sent an e-mail to the arbitration panel and Respondents' counsel on June 10, 2008, arguing a distinction between "interim awards" and "final awards" in support of his clients' claims for attorney fees. (Resps.' Mot., Ex. J.) At a minimum, this e-mail implicitly suggested to Respondents that Petitioners did not consider the Interim Award to be final. If the Court now determines that the Interim Award was "final" for a phase of the proceeding without a definite expression by the parties of their intent to bifurcate, Respondents will have unintentionally forfeited their right to appeal as the First Circuit warned might happen. (*See* Resps.' Reply at 4 n.4.) Absent a clear understanding among the parties that the Interim Award would be viewed as "final," then, the Court will not confirm the Interim Award pursuant to the exception for bifurcated proceedings.

---

motion to vacate.

**III. Service of Process**

Because the Court has determined that the Interim Award is not "final" and, therefore, not subject to confirmation, the arguments regarding service of process are now moot.

**IV. Conclusion**

For the reasons set forth above, the Court cannot affirm the arbitration panel's May 9, 2008, Interim Award. Interlocutory arbitration awards are not subject to confirmation in federal district courts. Even though "interim awards" may be confirmed or vacated where there is an immediate need regarding a separate independent claim or where the parties have agreed to bifurcate the arbitration proceeding, neither circumstance exists in the present case.

Accordingly,

**IT IS ORDERED** that Respondents' Motion to Dismiss is **GRANTED**.

A judgment consistent with this opinion shall issue.

<u>s/PATRICK J. DUGGAN</u>
UNITED STATES DISTRICT JUDGE

Copies to:
Robert Zawideh, Esq.
Howard Iwrey, Esq.